# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

United States of America

v. Dist. Ct. No. 19-cr-00344 (RBJ) Direct Appeal No.

Andre d. Twitty

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
APR - 9 2020
JEFFREY P. COLWELL
CLERK

## MOTION

For Release Pending Appeal, Brief In Support

Jurisdiction: Petitioner brings this instant motion in Pro Se, Pursuant to 18 usc 3143(b)

Legal Argument:

18 usc 3143(b)(1) Provides: "Except as Provided in Paragraph (2), The Judicial officer Shall order that a Person who has been Found guilty and Sentenced To a term of imprisonment, and who has Filed an appeal or a Petition For a writ of Certiorari, be detained unless the Judicial officer Finds":

(A) "By clear and convincing evidence that the Person is not likely To Flee or Pose a danger To the Safety of any other Person or the Community if released under Section 3142(b) or (c) of this title," And;

(B) "That the appeal is not for the Purpose of delay, and raises a Substantial question of law or Fact likely To result in; (i) Reversal, (ii) an order for a new Trial, (iii) a Sentence that does not include a term of imprisonment or (iv) a reduced Sentence To a Term of imprisonment less than the Total of the Time already Served, Plus the expected duration of the appeal."

Petitioner asserts that the appeal is not for the purpose of delay, and raises a substantial question of law or fact likely to result in "Reversal". And as the Trial Court stated itself during Petitioner's Sentencing hearing. That Petitioner has "Some reversable issues."

Likewise, Petitioner has finished his Prior Sentence, and was to report to the "half way house", to begin a term of Supervised release. Thus, Petitioner is not likely to flee or pose a danger to the community. Furthermore, even if a new trial were ordered. It would not include a term of imprisonment. And would result in a reduce sentence to a term of imprisonment less than the total of the time already served. If a new sentence were imposed. U.S. v. Dahda, 772 F.Appx 730 (10th 2019) U.S. v. Hosier, 617 F. Appx 910 914 (10th 2015) §18USC3145(c)

Secondary Legal Argument:
At the close of the Sentencing hearing. Government's attorney — [Sarah Weiss] stated to the Court — "HOCKENBERRY Your Honor." Petitioner has researched the reference to that term. As well as to the reference to the Fourth Circuit case, mentioned

[ACA] Does Not Apply:
Trial attorney *R. Scott Reisch, detailed in the 5Feb2020, "Motion To Dismiss Indictment." As to why the Assimilative Crimes Act [ACA] 18USC13(a) does not apply to the alleged conduct, charged in the indictment. Thus, Petitioner will not waste the Court's time, repeating those facts." Instead, Petitioner will address the Hockenberry issue.

In U.S. v. Todd, 1998 U.S. App. LEXIS 5006 (4th, 16 March) that court held;

"The government now represents that it [agrees] with TODD that it was [error] to have Prosecuted him under the [ACA]. "To charge an offense incorrectly under the [ACA] rather than under another Provision of federal law would not alter the Jurisdiction of the district court. both charges would be Federal violations within the district court's Subject matter Jurisdiction."

Under normal circumstances, Petitioner would agree with the above Statement. However, during Trial, Mr. Keisch correctly argued. That C.R.S. 18-3-602 (1)(c). As written, was [unconstitutional]. And this exchange took Place between the Court and Mr. Keisch. Page #12, Motions Hearing Transcript:

Mr. Keisch: "But I don't think it's the Court's Job to add language to Statutes that are defective."

The Court: "Give me some law that says that the Court cannot interpret a Statute so as to be constitutional"

Mr. Keisch: "Well, I think interpret is different than adding language"

As detailed on Page #9 of Petitioner's direct appeal motion. the U.S. Supreme Court held in Johnson v. Fankell, 520 U.S. 911 @ 916 (1997)

"[N]either this court nor any other Federal Tribunal has any authority to place a construction on a State Statute different from the one rendered by the highest court of the State."


See also; Burleson v. Soffle, 278 F.3d 1136, 1144 (10th Cir. 2002) {Same} And to the same extent, the [N]inth Circuit also held in U.S. v. Ressam, 474 F.3d 597, 607 (9th Cir. 2007) "We [lack] the constitutional authority to [add an element] to a criminal statute."

Likewise, Mr. Justice Gorsuch held in U.S. v. Davis, 204 L.Ed.2d 757, 764 (2019) "A vague law is [NO LAW] at all." And in Lester v. U.S., 2019 U.S. App. LEXIS 12859 (11th Cir., 29 April) The [E]leventh Circuit held;

"An unconstitutional law is void, and is as no law... A conviction under it is not merely erroneous, but is illegal and void. And because the trial court's authority to indict and try the Petitioners arose solely upon the laws they challenged. If the laws were unconstitutional, it followed that the [trial court] acquired [NO JURISDICTION] of the causes."

quoting In re Siebold, 100 U.S. 371, 376-77 (1880) Furthermore, in Bond v. U.S., 180 L.Ed.2d 269 (2011) that Court also held citing SIEBOLD.

"If a law is [invalid as applied] to the criminal defendant's conduct, the defendant is entitled to go free."

Thus, contrary to the government's reliance on TOAD. CRS 18-3-602(1)(c) was [not] within the district court's subject matter jurisdiction. Since that State Statute is [unconstitutionally vague]. As the Trial court itself stated. At Page #18 of the Motions Hearing Transcript And as stated above, [an unconstitutional law] is no law at all. And could not, and did not confer any jurisdiction on the district court;



The Fourth Circuit in Tolan had accord Hockenberry v. U.S., 422 F.2d 171 @ 174 (9th cir 1970) which held; "An [an] Indictment or other Pleading Founded on a general Provision defining the [elements] of an offense, or of a right conferred, need not negative the matter of an exception made by a Proviso or other district clause whether in the same section or elsewhere — it is incumbent on one who relies on such an exception to set it up and establish it." citing McKelvey v. U.S. 260 U.S. 353 @ 357 (1922)

Two Points have to be made here. Point (I). 18-3-602 (1)(b). is not within a federal court's subject matter jurisdiction. Unless and until such [State Statute] is properly assimilated under 18 USC 13 (a). which it was not. Point (II). The government's attorney Sarah Weiss overlooked the Ninth Circuit's holding in U.S. v. Rocha, 598 F.3d 1144 @ 1149 (9th cir 2010) which held;

"The government argues that the federal statute does not adequately cover ROCHA's conduct. Even if true, this argument is misplaced. Under the first Prong of the LEWIS test, we inquire [ONLY] if there is [ANY] applicable [federal law] covering the conduct, we do not inquire into whether every conceivable charge against defendant is covered." ... "As in HOCKENBERRY, we have little difficulty concluding that ROCHA's conduct is made Punishable by [any] enactment Congress."

The only statute analogous to the Colorado Credible threat statute would be 18 U.S.C. 115 (a)(1)(B). Since both statutes criminalize "True threats". However, as Petitioner will demonstrate down below. The government knew it would have difficulty Proving a violation of this statute as well.



18USC115(a)(1)(B) Does Not Apply:

18USC115(a)(1)(B) reads in relevant part: "Whoever... threatens to [assault], kidnap or murder, a united States official, a united States judge, a federal law enforcement officer, or an official whose killing would be a crime under such section "[18U.S.C 1114]" shall be punished as provided in subsection (b)."

Therefore, in order "to prove a violation of Section 115, the government must show (1) the defendant threatened to [assault] or murder; (2) an official whose killing would be a crime under 18usc1114" quoting U.S. v Ream, 2011 U.S. Dist LEXIS 114951 (D. utah, 4 Oct.) Thus, it is clear that 115(a)(1)(B) requires as an [essential element] of the statute. the element of [Assault]. Which is not charged in the current indictment.

The Supreme Court held in Jones v. U.S, 526 U.S 227, 232 (1999) "[E]lements must be charged in the indictment, submitted to a jury, and [proven] by the government, beyond a reasonable doubt." See U.S v. Wolfname, 835 F.3d 1214, 1217 (10th Cir 2016) and U.S v. Hathaway, 318 F.3d 1001, 1009 (10th 2003) (Same) The Supreme Court also held in Apprendi v. New Jersey, 530 U.S. 466 (2000)

"The failure to charge an essential element of a crime [violates] the [F]ifth Amendment."

Likewise, in Blakely v. Washington, 542 U.S. 296 (2004) the court held;

"When a jury does not find an essential element of a crime, a defendant's conviction violates the [S]ixth Amendment."

Here, the indictment clearly did not charge the essential element of {assault} As such, the indictment failed to state an offense [Rule 12(b) F.R.Crim.P.] In HATHAWAY, the Court defined {assault} as; "either an attempted battery or as placing another in reasonable apprehension of {immediate} bodily harm." This definition reveals that any attempt by the government to prove {assault} would fall flat on {its} face. Since the alleged conduct occurred in *2018. And the government did not file {its} indictment until *2019.

In U.S. v. Patton, 927 F.3d 1087 (10th-2019) citing U.S. v. Dougherty, 754 F.3d 1353, 1359 (11th Cir 2014) defining {immediate} to mean "occurring without delay, instant." "The Court then held that an {assault} eight days after the defendant committed bank robbery in a different state {did not} meet the ordinary meaning of the term "immediate."

Furthermore, to qualify as a violation of 18USC1114. Petitioner "must have taken a substantial step towards that crime, and must also have had the requisite mens rea." quoting Braxton v. U.S, 500 U.S 344, 349 (1991) which is utterly impossible for the government to prove since Petitioner was locked in the federal Supermax, at the time of the alleged events.

In U.S. v. Gonzales, 931 F.3d 1219, 1222 (10th 2019) the Court held; "We recognized in U.S. v. Lynch, [881 F.3d 812, 817 (10th-2018)] that an {assault} occurs in two circumstances: (1) when a person commits a voluntary deliberate act which constitutes an offensive {touching}. and; (2) when a person intentionally threatens to hurt someone else and has the apparent ability to do so.". Again, Petitioner was locked in the Supermax and did not, nor have the ability to hurt S.B.G. nor threaten to do so

The Court further held in GONZALES id. ="The test for the crime of {ASSAULT} should be the intent of the accused, {NOT THE FEAR} of injury of the alleged victim." However, this is precisely how Petitioner's conviction was obtained; the fear of the alleged victim. See Sarah Weiss at Page #57 motions hearing transcript.

="You also can't understand things like why {google home} address would be {scary}..

However, {Fear} is not an element of 18USC115@ⓐⓑ nor of 18USC1114. And in U.S. v. Prentiss, 256 F.3d 971, 979 (10th 2001) the court held;

="..It is universally true that {no indictment is sufficient} if it does not accurately and clearly list {all} the ingredients of which the offense is composed. that Principle may apply even when the exception is set forth in a subsequent clause or section of the statute" quoting U.S. v. Cook, 84 U.S. 168, 174-75 (1872)

The Tenth Circuit further held in HATHAWAY id;

="We are not long detained by the government's assertion that the indictment's deficiency here was harmless... As PRENTISS itself reminds us {Prejudice} to the defendant is a controlling consideration id at 983. We have little doubt that a defendant convicted for a different offense than that charged in the indictment undoubtedly suffers {Prejudice} and {harm} thereby."

Petitioner was convicted under an [unconstitutional State Statute.] And the [indictment] failed to charge an offense under a valid federal statute. Therefore, the trial court was without subject matter jurisdiction to render a conviction or sentence. [18USC3231] And even if the government were to re-indict Petitioner under 18USC115 @ (1) (B). And waste judicial resources. It would still not be able to prove the key element of [assault.] And even if it could prove that element;

The Punishment under Section (b) of 115 @ (1) (B) (1) is a fine and imprisonment for not more than [1 YEAR]. See Thompson v. Newson, 688 F.Appx 876 (11th cir 2017) [ The Punishment for an [assault] described in Section 115 @ (1) (B) (1) is a fine and imprisonment for not more than *1 Year. = Which would result in;

(i) Reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served, plus the expected duration of the appeal. [3143 (b)]

Since Petitioner has already been imprisoned for nearly six (6) months, not counting the *54 days he has received for good conduct. And the three (3) months or more, for the Tenth Circuit to decide the appeal. By all calculations must be [reversal.] Petitioner could be in a half way house, re-adjusting to Society. after 22 years locked in a cell. Likewise, due to the [COVID-19 Pandemic] would expose Petitioner to unnecessary risk, which would make the federal government civilly liable for such illness. due to Petitioner's [Age] and medical issues. And Blood type, according to the [CDC]



# CONCLUSION

Petitioner contends that he has Presented Sufficient evidence and facts that warrants Placement in a half-way house. Pending appeal, And the lack of Subject matter Jurisdiction.

Respectfully Submitted

[signature]

## Certificate of Service

This is to certify that a copy of the foregoing has been sent to the attorney for the government, via the Prisoner mail Box Rule and Rule 4 F.R.Civil P.

[signature]

Sarah Weiss
ASST. U.S Attorney
office of the U.S Attorney
1801 california St. Ste 1600
Denver CO. 80202

Pro Se 18558-018
FCI Englewood
9595 W. Quincy Ave
Littleton CO. 80123

This 5th day of April 2020

cc: on file
cc: R. Scott Reisch



# ADDENDUM.

On 27 March 2020, Congress Passed the Cares Act. Section 12003(b)(2)

"During the covered emergency Period, if the Attorney General Finds that emergency conditions will materially affect the Functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to Place a Prisoner in [Home confinement] under the First sentence of Section 3624(c)(2).

MEMO of Attorney General William Barr. 26 March 2020 [COVID-19] Pandemic.

As the Court is aware, Petitioner's Mother recently Passed away. And he has a younger sister battling breast cancer. Therefore, Petitioner would ask the court to transfer (or eliminate his Pending Supervised release) to the Southern District of Illinois - Marion IL. or to the Western District of Kentucky - Paducah Ky. To be near his sister in Metropolis IL. To help take care of her.

Likewise, the Attorney General's memorandum Specifies that the BOP should consider an inmate's age and vulnerability to COVID-19. under the CDC guidelines.

Petitioner ask the court to take the above into consideration. when deciding this motion. Respectfully

[signature] 5 April 2020

M. A. Flurry
18868-018
FCI Englewood
9595 W. Quincy Ave
Littleton CO. 80123

DENVER CO 802
06 APR 2020 PM 5 L

FOREVER USA PURPLE HEART
FOREVER USA PURPLE HEART

Honorable R. Brooke Jackson
C/o

U.S. District Court
office of the Clerk
U.S. District Courthouse
901 19th st
Denver CO. 80294

Legal Mail

legal mail

80294-250151

(Flurry | 0)

5 April 2020